******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROBINSON, C. J., concurring. I join the well reasoned opinion of the majority concluding that the petitioner, Jamie Gomez, was entitled to the granting of his petition for a writ of habeas corpus because his federal due process rights were violated under *Napue* v. *Illinois*, 360 U.S. 264, 79 S. Ct. 1173, 3 L. Ed. 2d 1217 (1959), and *Giglio* v. *United States*, 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972), when the prosecutor at his murder trial failed to correct the material, false testimony of two cooperating prosecution witnesses, despite the fact that the petitioner's defense attorney was at least constructively aware that the testimony was false. I agree with the majority's conclusion that the trial prosecutor's actions in this case constituted an extraordinary breach of his obligations as a minister of justice with ethical responsibilities to the public and the judicial system that transcend seeking convictions at all costs. See, e.g., *State* v. *Medrano*, 308 Conn. 604, 612, 65 A.3d 503 (2013).

Specifically, as the majority notes, the trial prosecutor directly solicited testimony that was false and misleading in nature regarding the witnesses' cooperation agreements with the state and did nothing to address that false testimony, which the witnesses then repeated during cross examination. The trial prosecutor then effectively vouched for their credibility during summations. I emphasize that sanctioning this parade of falsity has at a minimum the appearance of a dereliction of the prosecutor's ethical duty "to ensure that all evidence tending to aid in the ascertaining of the truth be laid before the court, whether it be consistent with the contention of the prosecution that the accused is guilty." (Internal quotation marks omitted.) *Massameno* v. *Statewide Grievance Committee*, 234 Conn. 539, 557, 663 A.2d 317 (1995). I write separately to commend (1) the Division of Criminal Justice, at an institutional level, for adopting a comprehensive policy recognizing its prosecutors' obligations to ensure the accuracy of cooperating witnesses' testimony and to correct any falsehoods,[1] and (2) the appellate prosecutor for discharging his obligation as a minister of justice on behalf of the state and paving the way for habeas relief by candidly conceding the materiality and falsity of the witnesses' testimony. Given that concession and the severity of the *Napue/Giglio* violation in this case, I join in the judgment of the majority to direct habeas relief and to order a new trial for the petitioner.

[1] See footnote 10 of the majority opinion.